NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CHRISTOPHER SINACORI, *Petitioner/Appellee,*

*v.*

COREN SINACORI, *Respondent/Appellant.*

No. 1 CA-CV 25-0529 FC

FILED 06-12-2026

Appeal from the Superior Court in Maricopa County
No.  FC2022-091597
The Honorable William R. Wingard, Judge

**VACATED AND REMANDED**

COUNSEL

The Cavanagh Law Firm, P.A., Phoenix
By Helen R. Davis, Nicholas J. Brown
*Counsel for Respondent/Appellant*

Padish Law Group, PLLC, Scottsdale
By James E. Padish
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A,** Judge:

**¶1**          Coren Sinacori (Wife) appeals from a decree dissolving her marriage to Christopher Sinacori (Husband). For the reasons that follow, the decree is vacated and this matter is remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Husband and Wife married in 1996 and have two children in common, one of whom is still a minor. In 2022, Husband filed a petition for dissolution. Both parties were represented by counsel.

**¶3**          At a mediation in August 2023, the parties reached a comprehensive settlement, the terms of which were stated in an audio recording before the mediator. *See* Ariz. R. Fam. L.P. (ARFLP) 69(a)(3) (2026).[1] As applicable here, Husband agreed to pay:  (1) $1,000 in monthly child support; (2) $14,500 in non-modifiable monthly spousal maintenance to Wife until the parties sold their business and received the proceeds; and (3) Wife's attorneys' fees. Both parties agreed to be bound by the agreement and that it was fair and equitable.

**¶4**          In October 2023, Husband submitted to the superior court a proposed consent decree, stating it reflected the settlement agreement. Wife filed a response seeking more time to respond to the proposed decree, citing concerns about personal guarantee provisions and noting scheduling issues for counsel. Rather than granting Wife the additional time requested, the court rejected the decree, stating Wife's filing "shows that the parties are not in complete agreement."

**¶5**          After numerous continuances, in February 2025, the court held a trial on the petition and, at the end of trial, directed the parties to brief "the issues related to" the settlement agreement. After those briefs were filed, the resulting April 2025 decree affirmed the settlement

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

agreement but also purported to modify it. The decree modified Husband's payment obligations when compared to the settlement agreement by ordering that he pay: (1) $1,383 per month in child support (an increased amount); (2) $6,000 in monthly spousal maintenance (a decreased amount); and (3) nothing to Wife for her attorneys' fees (a decreased amount).

¶6            This court has jurisdiction over Wife's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7            By statute, parties may reach an agreement resolving a divorce proceeding. *See* A.R.S. § 25-317(A). On appeal, Wife argues the court erred by partially adopting the parties' settlement agreement with modifications, asserting the court was required to either adopt or reject the settlement agreement in its entirety. Husband's primary response is that Wife has invited the error she now alleges the superior court made, and that the decree should be affirmed. The parties' changing views about the apparent settlement agreement cast a long, dark shadow over the legal analysis applicable to resolving this appeal.

¶8            Nearly two years before trial, Husband lodged the proposed consent decree, Wife asked for more time to respond, and the court found Wife's request "shows that the parties are not in complete agreement." At no time has the court approved that proposed consent decree, or any other settlement agreement. *See* ARFLP 69(b) (stating any settlement agreement "is not binding on the court until it is submitted to and approved by the court as provided by law."); *see also* A.R.S. § 25-317(B). Before and after trial, and now on appeal, the parties have taken conflicting and evolving positions on whether they settled the matter.

¶9            In the agreed-upon uncontested issues of fact listed in the joint pre-trial statement, the parties stated they "reached a binding settlement" but added that they "have been unable to resolve the final issues regarding spousal maintenance and business distribution." In that same filing, Husband stated he should pay Wife $7,400 in monthly modifiable spousal maintenance for four years, or until their son graduated high school. Wife countered that the settlement agreement required Husband to pay $14,500 in monthly non-modifiable spousal maintenance, but added that requirement "needs to be revised" given changes in how the business was structured, and then claimed she should receive $14,500 in monthly spousal maintenance for 30 months. For the business distribution,

Husband argued the parties should equally divide the shares of the business, while Wife expressed concern about the change in the business structure, concluding she "does not know whether her consent should be provided with respect to the merger" that was proposed for the business.

¶10           At trial, Wife sought to enforce the settlement agreement. Husband countered by pointing to the pre-trial statement. In response, the superior court stated it "will have to look into" the settlement agreement issue and directed post-trial briefing on the topic.

¶11           In that post-trial briefing, the positions changed again. Husband argued the settlement agreement provision regarding spousal maintenance was "subject to rescission due to" a mutual mistake of fact about the change in the business structure. Noting the settlement agreement had not been approved by the court, Husband stated "[t]he parties concur that the [settlement a]greement should be approved by the Court with the exception of the spousal maintenance term." Wife countered that the settlement agreement "needs to be set aside and . . . the court needs to reexamine the issues therein anew." Wife, added, however: "If the Court does not agree that the Agreement needs to be set aside, then Father should be following the entire Agreement, which has not been occurring."

¶12           On appeal, Wife argues that the court erred by partially adopting the settlement agreement, rather than entirely approving it or entirely rejecting it. Husband counters that Wife invited any error in the court partially adopting the settlement agreement, meaning she cannot now argue that the superior court erred by partially adopting the settlement agreement.[2]

¶13           On the record presented, it is not clear how the superior court properly issued a decree purporting to accept the settlement agreement in part. There are no findings in the record approving the settlement agreement. *See* ARFLP 69(b); A.R.S. § 25-317(B). To the contrary, the sole ruling on point came in October 2023, when the court rejected it. And even if this court were to read into the decree the superior court approving the settlement agreement, that would not explain how the decree included some, but not all, of its material terms. *See Jacobs v. Jacobs*, 259 Ariz. 467, ___

---

[2] Given these shifting sands, Husband has not shown that Wife led the superior court into taking the actions it took that she claims on appeal were error. Among other things, the statement that the parties "have been unable to resolve the final issues" regarding spousal maintenance and business distribution did not ask the court to issue the decree that it did.

¶ 12, 567 P.3d 1287, 1290 (App. 2025) (holding "the superior court may not adopt only parts of a separation agreement and reject others"). Accordingly, the decree cannot stand.

**¶14**     On remand, if the parties submit the settlement agreement to the superior court for approval (recognizing they might reach a different settlement agreement and submit that for approval), the court will need to address whether the agreement is unfair before approving or rejecting it. *See* ARFLP 69(b); A.R.S. § 25-317(B); *Buckholtz v. Buckholtz*, 246 Ariz. 126, 131 ¶ 18 (App. 2019). Only after making that evidence-based determination would the court be in a position to approve or reject the settlement agreement. *See* A.R.S. § 25-317(B) & (C).

**¶15**     If a settlement agreement is presented to the court on remand and approved by the court, the court must enter a decree reflecting it. *See* A.R.S. § 25-317(B); *Jacobs*, 259 Ariz. at ___ ¶ 14, 567 P.3d at 1290. The relevant inquiry in that determination is consideration of the "circumstances that existed around the time of the separation agreement's formation." *Meek v. Meek*, 256 Ariz. 405, 413 ¶ 41 (App. 2023). If the court is not presented with a settlement agreement on remand, or it rejects such an agreement, the case would have to be retried.

**¶16**     Resolution of those issues must await remand. Accordingly, although noting those issues, this court does not resolve them. And because this court remands for further proceedings, it need not (and expressly does not) address Wife's due process or evidentiary arguments.

## CONCLUSION

**¶17**     The decree is vacated, and the matter is remanded for further proceedings consistent with this decision. Wife requests attorneys' fees and costs on appeal under A.R.S. §§ 25-324(A) and 12-341.01. Husband requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324(A). After considering the parties' financial resources and the reasonableness of their positions, and in exercise of this court's discretion, Wife is awarded a portion of her reasonable attorneys' fees and costs incurred on appeal contingent upon her compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR